*IT IS SO ORDERED AS MODIFIED*
*Judge James Ware*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

EMILIA CRUZ,

        Plaintiff,

   v.

JSJ-SC PROJECT INC.

        Defendants.

Case No. C09-04296 JW

[PROPOSED] ORDER APPROVING SETTLEMENT AFTER FINAL APPROVAL HEARING

Presently before the Court is the parties' Application for Final Approval of Settlement under the FLSA. (Docket Item No. 51.) The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court finds good cause to approve the Final Settlement as follows:

1. The individual settlement agreements entered into by current and former workers are fair and reasonable given the claims made, investigation of counsel – including Plaintiff's counsel. A copy of the exemplar settlement agreement is attached as Exhibit A.

**The total class (for purposes of this Settlement) is 17 workers. When presented to the current and former workers, all workers who could be located and were presented with the Settlement Agreement signed the Agreement.**

2. The following workers were not located and as such did not participate in the settlement: Jorge CiFuentes, Jose Garcia, Hipolito Reano, and Ruben Ramirez. These proceedings have no impact in the claims of the foregoing individuals in paragraph 2.

3. The settlement agreements are found to extinguish claims under the Fair Labor Standards Act and related claims under California law.

4. The Court has reviewed the attorney fee motion of Plaintiff's counsel. The motion is accompanied by detailed billing. The Court approves counsel's billing rate of $425.00 an hour. The Court further notes three things: 1) that fees sought are significantly less than the fees expended based on the billing; 2) the amount sought is less than 33% of the total settlement amount; and 3) there were no

objections to the settlement agreements.

5. Based on the foregoing the Court grants Plaintiffs' motion for fees and costs in the amount of $20,000.00 to be paid pursuant to the terms of the settlement.

IT IS SO ORDERED.

Dated:  December 15, 2010

*/s/ James Ware*
JAMES WARE
United States District Judge

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

WORKER'S FIRST AND LAST NAME ("FIRST AND LAST NAME") and JSJ-JC PROJECT, INC. enter into this Settlement Agreement and Release ("Agreement") (FIRST AND LAST NAME and JSJ-JC PROJECT, INC. herein collectively referred to as the "Parties").

WHEREAS, JSJ-JC PROJECT, INC. and FIRST AND LAST NAME wish to resolve all claims of FIRST AND LAST NAME for alleged violations of applicable law relating to the employment of FIRST AND LAST NAME by JSJ-JC PROJECT, INC., including but not limited to claims for unpaid wages and penalties based on the manner in which wages were paid at JSJ-JC PROJECT, INC.'s restaurant known as Jang Su Jang in Santa Clara, California.

WHEREAS the Court has preliminarily approved a settlement (the "Preliminary Court Approval") in a lawsuit entitled *Emilia Cruz v. JSJ-JC Project, Inc.*, USDC Case No. C 09-04296 JW (the "Action"). in which each worker who is covered by the Preliminary Court Approval will be given a 30-day opportunity calculated from the date of the Preliminary Court Approval (the "Review Period") to review such worker's individual settlement agreements, consult with anyone of such worker's own choosing, and settle based on the number of weeks worked by such worker for JSJ-JC PROJECT, INC. through June 2010.

WHEREAS, without admission of any liability or wrongdoing by JSJ-JC PROJECT, INC., FIRST AND LAST NAME and JSJ-JC PROJECT, INC. desire to settle fully and finally any past, existing or potential differences between them including, without limitation, all wage and hour and related claims whether they arise from statute, contract, or common law related in any way to association with JSJ-JC PROJECT, INC. including any of its past or present directors, officers, employees (other than FIRST AND LAST NAME), owners, parent companies, subsidiaries, divisions, affiliates, predecessors, successors, joint venturers, assigns,

{00485048.DOC}{00461541.DOC}

1

representatives, agents, managers, supervisors, employees, attorneys, accountants, insurers and reinsurers (collectively, "JSJ-JC PROJECT, INC. Entities");

THEREFORE, the Parties agree as follows:

1. Consideration and Payment.

    a.    Within (10) days after the later of (i) entry of the court's order granting final approval of this Agreement and the settlement contemplated herein and (ii) JSJ-SC PROJECT, INC.'s approval of a global settlement in the Action, JSJ-SCPROJECT, INC. will pay FIRST AND LAST NAME $_____ in wages, and wage-related payments plus the amount determined in accordance with Section 1.b. below, all subject to payroll tax and other withholdings. However, the amount determined in accordance with Section 1.b below (without deduction for payroll tax and other withholdings) shall be paid by JSJ-SC PROJECT, INC. directly to Dal Bon & Margain, APC, attorneys for the named plaintiff in the Action, as the payee, and such payment to those attorneys shall be deemed payment to FIRST AND LAST NAME under this Section 1.a.

    b.    The amount determined under this Section 1.b. will be FIRST AND LAST NAME's share of the legal fees to be paid by JSJ-JC PROJECT, INC. in connection with the settlements finally approved by the court regarding the Action, to Dal Bon & Margain, APC. FIRST AND LAST NAME hereby authorizes and directs JSJ-JC PROJECT, INC. to pay such amount from the consideration to be paid by JSJ-JC PROJECT, INC. to FIRST AND LAST NAME under Section 1.a. above. Such amount shall be determined as follows: $20,000.00 multiplied by a fraction, the denominator of which is the total sum of all settlement amounts that JSJ-SC PROJECT, INC. has become obligated to pay as wages and wage-related payments as contemplated in Section 1.a. of the form of this Agreement (but without regard to the actual

amount inserted in Section 1.a of this Agreement, without taking into account payroll tax and other withholdings) pursuant to acceptance of individual settlements by its present or former workers pursuant to the Preliminary Court Approval, and the numerator of which is the amount payable to FIRST AND LAST NAME as wage and wage related payments under Section 1.a. of this Agreement. Payment of the consideration under Section 1.a. remaining after deduction for payroll tax and other withholdings (but excluding the amount determined under Section 1.b. above, which will be paid directly to Dal Bon & Margain, APC), shall be made to the following address:

> FIRST AND LAST NAME
>
> _____
>
> _____

  c. JSJ-JC PROJECT, INC. will issue to Dal Bon & Margain, APC a Form 1099 pursuant to the Internal Revenue Code for the amount paid by JSJ-JC PROJECT, INC. to Dal Bon & Margain, APC under this Agreement for informational purposes.

2. Effective Date.

This Agreement shall be effective upon the court's final approval of this Agreement and the settlement contemplated herein, and JSJ-JC PROJECT, INC.'s approval of a global settlement in the Action.

4. General Release.

In exchange for the consideration provided by this Agreement, FIRST AND LAST NAME hereby completely releases and forever discharges the JSJ-JC PROJECT, INC. Entities and each of them from any and all claims, rights, demands, actions, obligations, liabilities, and causes of action of any and every kind, nature and character whatsoever, whether based in tort,

contract, statute, or any other theory of recovery, and whether for compensatory or punitive damages, penalties or interest, which FIRST AND LAST NAME may now have relating and/or arising from the claims alleged in the Complaint. This release includes, but shall not be limited to, the release of all claims asserted under the Equal Pay Act of 1963 (29 U.S.C. § 206(d)), the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.), the California Labor Code, including but not limited to Sections 132a, 201, 203, 226, 227.3, 230, 230.1, 230.2, 510, 512, 970, 2698, California Business and Professions Code Section 17200, the California Constitution, and the Wage Orders of the California Industrial Welfare Commission, 8 Cal. Admin. Code §§ 11000 et seq.

FIRST AND LAST NAME agrees and represents that she/he has not filed, and will not file any lawsuit or charge asserting any such claims at any time in the future, nor will she/he participate, directly or indirectly, in any lawsuits or charges against any of the JSJ-JC PROJECT, INC. Entities in the future for any of the released claims. FIRST AND LAST NAME agrees and represents that she/he has not assigned or otherwise transferred any right or claim she/he may have against any of the JSJ-JC PROJECT, INC. Entities, and that he/she has the sole, exclusive power and authority to enter into this Agreement and the settlement and release contemplated herein. FIRST AND LAST NAME hereby waives her/his right to recover monetary damages in any charge, complaint, or lawsuit filed by him/her or by anyone else on her/his behalf relating and/or arising from the claims alleged in the Complaint.

5. <u>Waiver of Rights under Civil Code Section 1542.</u>

FIRST AND LAST NAME hereby expressly waives any and all rights that might be claimed by reason of the provisions of the California Civil Code Section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

By signing below, FIRST AND LAST NAME agrees to forever discharge known or unknown claims arising out of the manner in which they were paid wages and the claims as described in paragraph 2 above.

6.  Dismissal of Lawsuit.

Concurrently with the effectiveness of this Agreement, or as soon thereafter as possible, FIRST AND LAST NAME shall seek with the court having jurisdiction over the Action a dismissal with prejudice of all claims or causes of action that he/she may have in the Action and shall cause such court to approve such dismissal.

7.  Confidentiality.

FIRST AND LAST NAME and JSJ-JC PROJECT, INC. agree that the underlying facts giving rise to the claims and the Action, the fact of the settlement, the terms of this Agreement, and the negotiations pertaining to the Agreement are confidential and shall not be communicated to any person except their attorneys, accountants, representatives, immediate family members, counsel or parties herein, unless required by law or court order. (For purposes of this provision, receipt of a valid subpoena shall be deemed a court order, provided that the party receiving a subpoena which may require disclosure of the terms of this agreement shall forthwith notify the other party to this agreement of the receipt of such subpoena.) Except as otherwise stated herein, to the extent any inquiries are made by any private or public persons or entities concerning the status or the outcome of the Action, the Parties shall state only that it was amicably resolved.

8.  Retention and Jurisdiction.

This Agreement, and the terms and conditions hereof, are expressly enforceable, and the United States District Court, Northern District of California, San Jose Division of California expressly retains jurisdiction to enforce the terms and conditions hereof, including as to any payment and other obligations of the Parties hereunder.

9.  Entire Agreement.

FIRST AND LAST NAME understands that the provisions of this Agreement set forth the entire agreement between the Parties. Any other or preexisting promises, written or oral, are replaced by the provisions of this Agreement. This Agreement may be modified only in a writing signed by both Parties.

10. Attorneys' Fees and Costs.

Subject to Section 1.b. of this Agreement, each Party shall bear all of its own court costs and attorneys' fees incurred in connection with the Action or the preparation and finalization of this Agreement. However, in the event of any action or other proceeding to enforce this Agreement or regarding any dispute relating to this Agreement, the prevailing Party in such action or proceeding shall be entitled to recover all legal fees and costs incurred by the prevailing Party in such action or proceeding from the losing Party in such action or proceeding.

11. Translation of this Agreement.

In the event this Agreement is translated into a non-English language, and if there is any inconsistency or conflict between the English version of this Agreement and any non-English version of this Agreement, the English version of this Agreement shall control.

Having read the foregoing, having fully understood and agreed to the terms and provisions of this Agreement, having been advised by independent legal counsel and intending to be bound hereby, the Parties voluntarily execute this Agreement as follows.

_____     Dated:_____
FIRST AND LAST NAME


JSJ-JC PROJECT, INC.


By:_____     Dated:_____
    (Print Name and Title)


<u>APPROVED AS TO FORM AND CONTENT</u>


LIM, RUGER & KIM, LLP     Dated: _____


By: _____
    Attorneys for
    JSJ-JC Project, Inc.


By signing below, I Tomas E. Margain, verify that the foregoing was translated from English to Spanish to the individual signing above.


[Name of Attorney for Worker]     Dated: _____


By: _____
    _____